
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-10057 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00062-JCM-CWH-2 |
| v. | |
| LOUIS MATTHEWS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted January 10, 2018
San Francisco, California

Before:  THOMAS, Chief Judge, and RAWLINSON and WATFORD, Circuit Judges.

Louis Matthews appeals his jury conviction for violations of 21 U.S.C. §§ 841, 846, 924(c), and 924(j).  We have jurisdiction over this appeal, 28 U.S.C. § 1291, and reverse his convictions and vacate his sentence.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The district court violated Matthews' Sixth Amendment right to a unanimous verdict by an impartial jury when it dismissed the lone holdout juror. A district court can dismiss a juror after deliberations begin for "good cause." Fed. R. Crim. P. 23(b)(3). When applying this review standard, we must "safeguard[ ] the defendant's [Sixth Amendment] right to a unanimous verdict from an impartial jury." *United States v. Symington*, 195 F.3d 1080, 1087 (9th Cir. 1999). Reversal is required if a district court dismisses the juror and "the record evidence discloses any *reasonable* possibility that the impetus for [the] juror's dismissal stems from the juror's views on the merits of the case." *Id.*

The jury in this case announced it had reached a unanimous verdict. However, polling of the jury in open court revealed an 11–1 split with Juror No. 8 as the lone holdout. The jury then continued deliberations. Later that day, the judge informed counsel that Juror No. 8 left the jury room and "was sobbing and crying." The judge recounted that he separated Juror No. 8 from the jury, and during an off-record interview outside the presence of counsel, Juror No. 8 stated that "[she] can't do this." When the judge asked Juror No. 8 if the effect of the deliberations prevented her from continuing, she stated, "I'm very upset. . . . And we got in there, and they were saying . . . ." The judge cut her off at this point, noting that he could not hear about the deliberations. When Juror No. 8 stated

2

again that she could not continue, the judge dismissed her and seated an alternate juror in her place. Given these facts, a "reasonable possibility" exists that the dismissal of the sole holdout juror was related to the juror's views of the case. Therefore, pursuant to the requirements established in *Symington*, we must reverse the convictions and remand for a new trial.

Given our resolution of this case, we need not–and do not–reach any other issue urged by the parties.


**REVERSED.**

*U.S. v. Matthews*, **Case No. 17-10057**
**Rawlinson, Circuit Judge, concurring:**

I concur in the judgment of the court because the outcome is dictated by our holding in *United States v. Symington*, 195 F.3d 1080, 1087 (9th Cir. 1999) and the unusual facts of this case. I write separately to point out just how unusual those facts are. It is extremely rare for a juror to disavow a unanimous verdict during a poll of the jury. Indeed, one of the attorneys in this case informed the court that this circumstance had never occurred before in his twenty-plus years of practicing law. Faced with an extremely emotional juror who stated that she could not participate any longer, and an unprecedented occurrence, the district court selected the option that seemed most likely to allow deliberations to continue. Indeed, there is some suggestion in the record that the judge was not even aware that the distraught juror was the holdout juror. Nevertheless, the fact remains that under our precedent, if there is a reasonable *possibility* that the juror's dismissal stems from the juror's views on the case, the constitutional right to a unanimous verdict by an impartial jury has been violated. *See id.* Because this extremely low standard is met, I concur in the disposition.